UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BRANDON GARNETT,

    Plaintiff,

v.

FRANK BISIGNANO, Commissioner of the
Social Security Administration,

    Defendant.

CAUSE NO.: 1:23-CV-402-TLS

**OPINION AND ORDER**

This matter is before the Court on a Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. Section 406(b) [ECF No. 15], filed on May 19, 2025. The Commissioner neither supports nor opposes the motion. ECF No. 20. For the reasons stated below, the motion is GRANTED.

**BACKGROUND**

The Plaintiff's attorney represented the Plaintiff in an earlier case before this Court, *Garnett* No. 1:21-CV-282-JPK, challenging the Commissioner's unfavorable decision on the Plaintiff's application for supplemental security income benefits. On May 2, 2022, the Court entered an order in that case granting the parties agreed motion to remand, reversing the final decision of the Commissioner, and remanding the claim for further proceedings. ECF No. 26, *Garnett v. SSA*, 1:21-CV-282. On June 13, 2022, the Court granted attorney fees in the amount of $11,978.20 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.* at ECF No. 31. However, counsel only received $2,970.80 because $9,007.40 was intercepted by the United States Treasury Bureau of Fiscal Services for unapid child support. *See* Mem. 6, ECF No. 15. Following remand, the ALJ issued an unfavorable decision dated June 8, 2023, and the Plaintiff

filed the complaint in the instant case on September 21, 2023. On November 14, 2023, the Court entered an order granting an agreed motion to reverse the decision of the Commisssioner and remanded this case for further proceedings. ECF No. 9. Subsequently, the Court awarded $1,379.40 in attorney fees under the EAJA. ECF No. 14.

On remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to past-due disability insurance benefits in the amount of $127,838.00, twenty-five percent of which ($31,959.50) was withheld for the payment of attorney fees. ECF No. 15-1, p. 5 of 19. The Plaintiff's attorney filed the instant motion requesting that the Court award attorney fees pursuant to § 406(b) in the net amount of $27,609.30. This amount is based on the retainer agreement between the Plaintiff and his attorney, ECF No. 15-1, p. 2 of 19, in which the Plaintiff agreed to pay his attorney twenty-five percent of all past-due benefits for work at the federal court level. The total request for an award under § 406(b) is $31,959.50, which is twenty-five percent of past-due benefits withheld by the Social Security Administration. Counsel for the Plaintiff requests that the award of $31,959.50 be offset by the total prior EAJA fee awards received of $4,350.20 for a net payment to the attorney of $27,609.30 in § 406(b) fees.

## ANALYSIS

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character

of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. For this analysis,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (cleaned up). An award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

In this case, the requested amount of attorney fees is consistent with the contingency agreement. The proposed fee equals an effective hourly attorney rate of approximately $533.54 for the total requested § 406(b) fee award of $31,959.50. *See* ECF No. 15-1, pp. 12–16 of 18 (reflecting 59.9 attorney hours). Such an hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Osmun v. Comm'r of Soc. Sec.*, No. 1:16-CV-273, 2020 WL 7334271, at *3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, No. 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award as well as future benefits. The Court discerns no basis to reduce the amount. *See Arnold*, 106 F.4th at 601.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. Section 406(b) [ECF No. 15], AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $31,959.50, and DIRECTS that the

amount of $27,609.30, which already accounts for the offset of EAJA fees of $4,350.20, be paid directly to counsel for the Plaintiff.

SO ORDERED on June 4, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
